# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2017

Lyle W. Cayce
Clerk

No. 17-30015

UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,

      Plaintiff - Appellee

v.

S. P. DAVIS, SR.; WILLIE J. SINGLETON; ANDREW DAVIS, JR.,

      Defendants - Appellants

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-50

---

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Defendants-Appellants, S.P. Davis, Sr., Willie J. Singleton ("Singleton") and Andrew Davis, Jr., appeal the district court's grant of the Government's summary judgment. We affirm for the reasons given by the district judge in his January 5, 2017 Memorandum Ruling.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30015

S.P. Davis, Sr. and Singleton were partial owners of several businesses. The Internal Revenue Service made assessments against S.P. Davis, Sr. and Singleton, along with others, for unpaid federal payroll taxes affiliated with those businesses.  This fifth appeal in this tax-debt related litigation involves commercial property that all three Appellants co-owned.  The Government attached a lien to the property and subsequently filed suit against S.P. Davis, Sr., Singleton, Andrew Davis, Jr. and Boardwalk Investors[1] to force the sale of the property under 26 U.S.C. § 7403.  Andrew Davis, Jr. and Boardwalk Investors are not liable for S.P. Davis, Jr. and Singleton's tax obligation, but were added because the statute required that all parties with an interest in the subject property be joined in the lawsuit.  *See* 26 U.S.C. § 7403(b).  The parties filed cross-motions for summary judgment with both sides asserting no genuine issue of material fact.  The district court thoroughly analyzed the arguments and granted the Government's summary judgment as a matter of law.

We review the grant of summary judgment *de novo*, viewing all of the record evidence in a light most favorable to, and drawing all reasonable inferences in favor of, the non-moving party.  *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014).  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Appellants argue that foreclosure was inappropriate and the district court erred by not exercising its discretion to deny the forced sale.  Section 7403 allows the Government to enforce a lien against property that a tax debtor

---

[1] Boardwalk Investors is not a party to this appeal, but obtained an interest in the property at issue by purchasing a tax sale title.

No. 17-30015

owns by forcing a sale of such property. 26 U.S.C. § 7403(c). The district court has discretion in deciding whether to allow the foreclosure, but that "is not to say that they have unbridled discretion." *United States v. Rodgers* 103 S. Ct. 2132, 2151 (1983). In *Rodgers*, the Supreme Court enumerated several factors for courts to consider in deciding whether or not to allow foreclosure. The district court considered the facts of the case in light of those factors and correctly found that they weigh in favor of the forced sale. The *Rodgers* Court further explained that the factors do not "constitute an exhaustive list" and the Court did not "contemplate that they be used as a 'mechanical checklist' to the exclusion of common sense and consideration of special circumstances." *Rodgers* 103 S. Ct. at 2152. Since Appellants failed to show a fact issue, the district court did not err in ordering the forced sale of the property.

In the alternative, Appellants urge the court to consider the interests of non-liable third parties. Andrew Davis, Jr.'s undivided 1/3 interest in the property is undisputed. However, Appellants contend that S.P. Davis, Sr.'s children have an interest in the property that is not subject to the Government's tax lien. This matter was previously litigated and decided, and is therefore barred by issue preclusion. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008) (stating that issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim").

AFFIRMED.

3